THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual,

          Plaintiff,

v.

ROUND TABLE PIZZA; MONT BLANC
PIZZERIAS, INC., a California Corporation
dba ROUND TABLE PIZZA; GEORGE
SALLABERRY; and YVETTE
SARNOWSKI,

          Defendants.

CASE NO. **CV 10 0949**

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiff CRAIG YATES, an individual, complains of defendants GEORGE

2 SALLABERRY; YVETTE SARNOWSKI; and MONT BLANC PIZZERIAS, INC. a California

3 Corporation dba ROUND TABLE PIZZA and alleges as follows:

4 **INTRODUCTION:**

5  1.  This is a civil rights action for discrimination against persons with physical

6 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7 for failure to remove architectural barriers structural in nature at defendants' ROUND TABLE

8 PIZZA, a place of public accommodation, thereby discriminatorily denying plaintiff and the class

9 of other similarly situated persons with physical disabilities access to, the full and equal

10 enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

11 accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14  2.  Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

15 November 22, 2009, January 7, 2010, January 22, 2010, January 26, 2010, January 29, 2010 and

16 February 9, 2010, was an invitee, guest, patron, customer at defendants' ROUND TABE PIZZA,

17 in the City of San Francisco, California.  At said times and place, defendants failed to provide

18 proper legal access to the pizzeria, which is a "public accommodation" and/or a "public facility"

19 including, but not limited to entrance, service counter, men's restroom, women's restroom.  The

20 denial of access was in violation of both federal and California legal requirements, and plaintiff

21 CRAIG YATES suffered violation of his  civil rights to full and equal access, and was

22 embarrassed and humiliated.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 243 West Portal Avenue, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba
2  ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI (hereinafter
3  alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or
4  lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as
5  ROUND TABLE PIZZA, located at/near 243 West Portal Avenue, San Francisco, California, or
6  of the building and/or buildings which constitute said public accommodation.

7    7.    At all times relevant to this complaint, defendants MONT BLANC PIZZERIAS,
8  INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and
9  YVETTE SARNOWSKI, own and operate in joint venture the subject ROUND TABLE PIZZA
10  as a public accommodation. This business is open to the general public and conducts business
11  therein. The business is a "public accommodation" or "public facility" subject to the
12  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,
13  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

14    8.    At all times relevant to this complaint, defendants MONT BLANC PIZZERIAS,
15  INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and
16  YVETTE SARNOWSKI are jointly and severally responsible to identify and remove
17  architectural barriers at the subject ROUND TABLE PIZZA pursuant to Code of Federal
18  Regulations title 28, section 36.201(b), which states in pertinent part:

19    **§ 36.201    General**

20        (b) *Landlord and tenant responsibilities.* Both the landlord
         who owns the building that houses a place of public
21        accommodation and the tenant who owns or operates the place of
         public accommodation are public accommodations subject to the
22        requirements of this part. As between the parties, allocation of
         responsibility for complying with the obligations of this part may
23        be determined by lease or other contract.

24        28 CFR §36.201(b)

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    **PRELIMINARY FACTUAL ALLEGATIONS:**

2         9.     The ROUND TABLE PIZZA, is a restaurant, located at/near 243 West Portal

3    Avenue, San Francisco, California. The ROUND TABLE PIZZA, its entrance, service counter,

4    men's restroom, women's restroom, and its other facilities are each a "place of public

5    accommodation or facility" subject to the barrier removal requirements of the Americans with

6    Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

7    "alterations, structural repairs and additions," each of which has subjected the ROUND TABLE

8    PIZZA and each of its facilities, its entrance, service counter, men's restroom and women's

9    restroom to disability access requirements per the Americans with Disabilities Act Accessibility

10   Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

11        10.    On or about June 16, 1989, the subject property was part of the Sallaberry Family

12   Trust and on or about 1998, the property was transferred to defendants MONT BLANC

13   PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE

14   SALLABERRY; and YVETTE SARNOWSKI as tenants in common. At said times defendants

15   MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA;

16   GEORGE SALLABERRY; and YVETTE SARNOWSKI and each of them took possessory

17   control of the premises now known as ROUND TABLE PIZZA. At all times prior thereto,

18   defendants' and each of them were aware of their obligation prior to the close of escrow, or upon

19   taking possessory interest that public accommodations had a duty to identify and remove

20   architectural barriers and were aware that ROUND TABLE PIZZA was not accessible to the

21   disabled. Nevertheless, defendants' and each of them, operated ROUND TABLE PIZZA as

22   though it was accessible.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1       11.    At all times stated herein, defendants' and each of them with the knowledge that
2 each of them had a continuing obligation to identify and remove architectural barriers where it
3 was readily achievable to do so, failed to adopt a transition plan to provide better and/or
4 compliant access to the subject accommodation.

5       12.    At all times referred to herein and continuing to the present time, defendants, and
6 each of them, advertised, publicized and held out the ROUND TABLE PIZZA as being
7 handicapped accessible and handicapped usable.

8       13.    On or about November 22, 2009, January 7, 2010, January 22, 2010, January 26,
9 2010, January 29, 2010 and February 9, 2010, plaintiff CRAIG YATES was an invitee and guest
10 at the subject ROUND TABLE PIZZA, for purposes of purchasing food and beverage.

11      14.    On or about November 22, 2009, plaintiff CRAIG YATES approached the
12 entrance to ROUND TABLE PIZZA and found that there was a slope to the door approach and
13 no strike side clearance. Plaintiff CRAIG YATES struggled to gain entry.

14      15.    At said time and place, plaintiff CRAIG YATES approached the food service
15 counter and found it was too high.

16      16.    On or about November 30, 2009, plaintiff CRAIG YATES wrote both the
17 landlord and the tenant about the entry issue. Plaintiff CRAIG YATES suggested that they do a
18 self-evaluation to identify and remove barriers. Plaintiff CRAIG YATES never received a
19 response.

20      17.    On or about January 7, 2010, January 22, 2010, January 26, 2010,
21 January 29, 2010 and February 9, 2010, plaintiff CRAIG YATES encountered all the same
22 barriers as on his first visit. During these visits, plaintiff CRAIG YATES encountered a men's
23 restroom and women's restroom that were not accessible.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    18.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

2 disability, encountered the following inaccessible elements of the subject ROUND TABLE

3 PIZZA which constituted architectural barriers and a denial of the proper and legally-required

4 access to a public accommodation to persons with physical disabilities including, but not limited

5 to:

6           a.    lack of an accessible entrance due to an excessive slope and lack of strike
                  side clearance;

7           b.    lack of handicapped accessible food/service counter;

8           c.    lack of a handicapped-accessible women's public restroom;

9           d.    lack of a handicapped-accessible men's public restroom; and

10          e.    On personal knowledge, information and belief, other public facilities and
                  elements too numerous to list were improperly inaccessible for use by
11                persons with physical disabilities.

12   19.    At all times stated herein, the existence of architectural barriers at defendants'

13 place of public accommodation evidenced "actual notice" of defendants' intent not to comply

14 with the Americans with Disabilities Act of 1990 either then, now or in the future.

15   20.    On or about November 30, 2009, defendant(s) were sent two (2) letters by or on

16 behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a

17 response within 14 days and requesting remedial measures be undertaken within 90 days or an

18 explanation of why the time limit set could not be met and/or extenuating circumstances. Said

19 letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

20 fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

21 an early and reasonable resolution of the matter.

22   21.    At all times stated herein, defendants, and each of them, did not act as reasonable

23 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

24 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

25 receiving the same goods and services as able bodied people and some of which may and did pose

26 a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of

27 defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

28 bodily injury.

1      22.    As a legal result of defendants MONT BLANC PIZZERIAS, INC., a California
2  Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE
3  SARNOWSKI's failure to act as a reasonable and prudent public accommodation in identifying,
4  removing or creating architectural barriers, policies, practices and procedures that denied access to
5  plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

6      23.    As a further legal result of the actions and failure to act of defendants, and as a
7  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
8  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
9  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
10  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
11  about November 22, 2009, January 7, 2010, January 22, 2010, January 26, 2010, January 29, 2010
12  and February 9, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and
13  attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
14  Specifically, as a legal result of defendants negligence in the design, construction and
15  maintenance of the existing door entrance, plaintiff suffered continuous, repetitive and cumulative
16  trauma to his upper right extremity while attempting to open the door and roll in the subject
17  pizzeria.

18      24.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
19  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
20  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
21  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
22  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
23  distress over and above that usually associated with the discrimination and physical injuries
24  claimed, and no expert testimony regarding this usual mental and emotional distress will be
25  presented at trial in support of the claim for damages.

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  25. Defendants', and each of their, failure to remove the architectural barriers
2  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
3  accommodation, and continues to create continuous and repeated exposure to substantially the
4  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

5  26. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
6  by defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE
7  PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, because defendants MONT
8  BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE
9  SALLABERRY; and YVETTE SARNOWSKI maintained a pizzeria without access for persons
10 with physical disabilities to its facilities, including but not limited to the entrance, service counter,
11 men's restroom, women's restroom, and other public areas as stated herein, and continue to the
12 date of filing this complaint to deny equal access to plaintiff and other persons with physical
13 disabilities in these and other ways.

14 27. On information and belief, construction alterations carried out by defendants have
15 also triggered access requirements under both California law and the Americans with Disabilities
16 Act of 1990.

17 28. Plaintiff, as described hereinbelow, seeks injunctive relief to require the ROUND
18 TABLE PIZZA to be made accessible to meet the requirements of both California law and the
19 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
20 operate the pizzeria as a public facility.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1       29.    Plaintiff seeks damages for violation of their civil rights on November 22, 2009,

2 January 7, 2010, January 22, 2010, January 26, 2010, January 29, 2010 and February 9, 2010

3 and seeks statutory damages of not less than \$4,000, pursuant to Civil Code §52(a) or

4 alternatively \$1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact

5 (court/jury) determines was the date that some or all remedial work should have been completed

6 under the standard that the landlord and tenant had an ongoing duty to identify and remove

7 architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG

8 YATES from returning to the subject public accommodation because of his knowledge and/or

9 belief that neither some or all architectural barriers had been removed and that said premises

10 remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

11       30.    On information and belief, defendants have been negligent in their affirmative duty

12 to identify the architectural barriers complained of herein and negligent in the removal of some or

13 all of said barriers.

14       31.    Because of defendants' violations, plaintiff and other persons with physical

15 disabilities are unable to use public facilities such as those owned and operated by defendants on a

16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

19 defendants to make the subject pizzeria accessible to persons with disabilities.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1      32.    On information and belief, defendants have intentionally undertaken to modify and
2 alter existing building(s), and have failed to make them comply with accessibility requirements
3 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6 out by defendants, and each of them, with a willful and conscious disregard for the rights and
7 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9 defendants, and each of them, to other operators and landlords of other pizzerias and other public
10 facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5
11 and 54.

12      33.    Plaintiff is informed and believes and therefore alleges that defendants MONT
13 BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE
14 SALLABERRY; and YVETTE SARNOWSKI, and each of them, caused the subject building(s)
15 which constitute the ROUND TABLE PIZZA to be constructed, altered and maintained in such a
16 manner that persons with physical disabilities were denied full and equal access to, within and
17 throughout said building(s) of the pizzeria and were denied full and equal use of said public
18 facilities. Furthermore, on information and belief, defendants have continued to maintain and
19 operate said pizzeria and/or its building(s) in such conditions up to the present time, despite actual
20 and constructive notice to such defendants that the configuration of the ROUND TABLE PIZZA
21 and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
22 plaintiff CRAIG YATES, and other members of the disability community. Such construction,
23 modification, ownership, operation, maintenance and practices of such public facilities are in
24 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
25 U.S.C. §12101, *et seq.*

26 ///
27 ///
28 ///

1    34.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the ROUND TABLE PIZZA and/or building(s) was in violation
4  of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not
5  limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of
6  other restaurants, hotels, motels and businesses, notices they obtained from governmental
7  agencies upon modification, improvement, or substantial repair of the subject premises and other
8  properties owned by these defendants, newspaper articles and trade publications regarding the
9  Americans with Disabilities Act of 1990 and other access laws, public service announcements by
10  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
11  Defendants' failure, under state and federal law, to make the ROUND TABLE PIZZA accessible
12  is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
13  situated persons with disabilities. Despite being informed of such effect on plaintiff and other
14  persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
15  them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
16  and equal access for plaintiff and other persons with physical disabilities to the ROUND TABLE
17  PIZZA. Said defendants, and each of them, have continued such practices, in conscious disregard
18  for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
19  complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
20  barriers referred to herein by virtue of the demand letter addressed to the defendants and served
21  concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22  and is having on plaintiff and other persons with physical disabilities, constitutes despicable
23  conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
24  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25    35.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
26  disabilities, would, could and will return to the subject public accommodation when it is made
27  accessible to persons with disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)
(42 U.S.C. §12101, *et seq.*)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 35 of this complaint.

37. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

38. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

1    39.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5          (7)    PUBLIC ACCOMMODATION - The following private
                entities are considered public accommodations for purposes of this
6                title, if the operations of such entities affect commerce -

7                          ---

8                (B) a restaurant, bar or other establishment serving food or
                drink.
9
                42 U.S.C. §12181(7)(B)
10

11    40.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

12  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13  privileges, advantages, or accommodations of any place of public accommodation by any person

14  who owns, leases, or leases to, or operates a place of public accommodation."

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    41.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3                (I)    the imposition or application of eligibility criteria
                that screen out or tend to screen out an individual with a disability
4              or any class of individuals with disabilities from fully and equally
                enjoying any goods, services, facilities, privileges, advantages, or
5              accommodations, unless such criteria can be shown to be necessary
                for the provision of the goods, services, facilities, privileges,
6              advantages, or accommodations being offered;

7                (ii)    a failure to make reasonable modifications in
                policies, practices, or procedures, when such modifications are
8              necessary to afford such goods, services, facilities, privileges,
                advantages or accommodations to individuals with disabilities,
9              unless the entity can demonstrate that making such modifications
                would fundamentally alter the nature of such goods, services,
10             facilities, privileges, advantages, or accommodations;

11               (iii)    a failure to take such steps as may be necessary to
                ensure that no individual with a disability is excluded, denied
12             services, segregated or otherwise treated differently than other
                individuals because of the absence of auxiliary aids and services,
13             unless the entity can demonstrate that taking such steps would
                fundamentally alter the nature of the good, service, facility,
14             privilege, advantage, or accommodation being offered or would
                result in an undue burden;

15
                (iv)    a failure to remove architectural barriers, and
16             communication barriers that are structural in nature, in existing
                facilities . . . where such removal is readily achievable; and
17
                (v)    where an entity can demonstrate that the removal of
18             a barrier under clause (iv) is not readily achievable, a failure to
                make such goods, services, facilities, privileges, advantages or
19             accommodations available through alternative methods if such
                methods are readily achievable.
20

21  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1      42.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the
3  ROUND TABLE PIZZA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and
4  belief, if the removal of all the barriers complained of herein together was not "readily
5  achievable," the removal of each individual barrier complained of herein was "readily
6  achievable."  On information and belief, defendants' failure to remove said barriers was likewise
7  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9      43.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10 accomplishable and able to be carried out without much difficulty or expense."  The statute
11 defines relative "expense" in part in relation to the total financial resources of the entities
12 involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13 plaintiff complains of herein were and are "readily achievable" by the defendants under the
14 standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16 make the required services available through alternative methods which were readily achievable.

17     44.    On information and belief, construction work on, and modifications of, the subject
18 building(s) of the ROUND TABLE PIZZA occurred after the compliance date for the Americans
19 with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
20 III of the ADA.

21     45.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25 to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or
26 making use of the public facilities complained of herein so long as the premises and defendants'
27 policies bar full and equal use by persons with physical disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    46.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions." Pursuant to this

4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5  February 9, 2010, but on information and belief, alleges that defendants have continued to violate

6  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11    47.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT
    BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA;

18  GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19
      48.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

20
    allegations contained in paragraphs 1 through 47 of this complaint.

21
      49.    At all times relevant to this action, California Civil Code §54 has provided that

22
    persons with physical disabilities are not to be discriminated against because of physical handicap

23
    or disability. This section provides that:

24
            (a) Individuals with disabilities . . . have the same rights as

25          the general public to full and free use of the streets, highways,
            sidewalks, walkways, public buildings, medical facilities, including

26          hospitals, clinics, and physicians' offices, and other public places.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       50.     California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3                       (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
4               accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
5               common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
6               modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
7               adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
8               which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
9               applicable alike to all persons.

10              Civil Code §54.1(a)(1)

11      51.     California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13                      (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336) also
14              constitutes a violation of this section, and nothing in this section
                shall be construed to limit the access of any person in violation of
15              that act.

16              Civil Code §54.1(d)

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1  52.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' ROUND TABLE PIZZA. As a legal result, plaintiff is entitled to seek damages

7 pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8 each day on which he visited or have been deterred from visiting the ROUND TABLE PIZZA

9 because of his knowledge and belief that the ROUND TABLE PIZZA is inaccessible to persons

10 with disabilities. California Civil Code §54.3(a) provides:

11           Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12           in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13           liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16           Sections 54, 54.1 and 54.2.

17           Civil Code §54.3(a)

18  53.    On or about November 22, 2009, January 7, 2010, January 22, 2010,

19 January 26, 2010, January 29, 2010 and February 9, 2010, plaintiff CRAIG YATES suffered

20 violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to

21 entrance, service counter, men's restroom, women's restroom and other public facilities as stated

22 herein at the ROUND TABLE PIZZA and on the basis that plaintiff CRAIG YATES was a person

23 with physical disabilities.

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    54.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5  discomfort, bodily injury on or about November 22, 2009, January 7, 2010, January 22, 2010,
6  January 26, 2010, January 29, 2010 and February 9, 2010, including, but not limited to, fatigue,
7  stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,
8  around and through architectural barriers. Specifically, as a legal result of defendants negligence
9  in the design, construction and maintenance of the existing front door, plaintiff CRAIG YATES
10  suffered continuous, repetitive and cumulative trauma to his upper right extremity while
11  attempting to open the door and enter the pizzeria.

12    55.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
13  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
14  and worry, all of which are expectedly and naturally associated with a denial of access to a person
15  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
16  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
17  person or an entity that represents persons with physical disabilities and unable, because of the
18  architectural barriers created and maintained by the defendants in violation of the subject laws, to
19  use the public facilities hereinabove described on a full and equal basis as other persons.

20    56.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
21  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
22  as a person or an entity that represents persons with physical disabilities on or about November
23  22, 2009, January 7, 2010, January 22, 2010, January 26, 2010, January 29, 2010 and
24  February 9, 2010, and on a continuing basis since then, including statutory damages, a trebling of
25  all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code
26  according to proof.

27  ///

28  ///

1      57.    As a result of defendants', and each of their, acts and omissions in this regard,

2 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8 compel the defendants to make their facilities accessible to all members of the public with

9 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10 the provisions of §1021.5 of the Code of Civil Procedure.

11 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA;
13 GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive) (Health & Safety Code §19955, *et seq.*)

14
    58.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15
the allegations contained in paragraphs 1 through 57 of this complaint.

16
    59.    Health & Safety Code §19955 provides in pertinent part:

17

18     The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
19 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure,
20 facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants,
21 hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in
22 such accommodations or facilities, they shall be made available for the handicapped.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       60.    Health & Safety Code §19956, which appears in the same chapter as §19955,
2 provides in pertinent part, "accommodations constructed in this state shall conform to the
3 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5 public accommodations constructed or altered after that date. On information and belief, portions
6 of the ROUND TABLE PIZZA and/or of the building(s) were constructed and/or altered after July
7 1, 1970, and substantial portions of the ROUND TABLE PIZZA and/or the building(s) had
8 alterations, structural repairs, and/or additions made to such public accommodations after July 1,
9 1970, thereby requiring said pizzeria and/or building to be subject to the requirements of Part 5.5,
10 §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
11 per Health & Safety Code §19959.

12       61.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15 Regulations and these regulations must be complied with as to any alterations and/or
16 modifications of the ROUND TABLE PIZZA and/or the building(s) occurring after that date.
17 Construction changes occurring prior to this date but after July 1, 1970 triggered access
18 requirements pursuant to the "ASA" requirements, the American Standards Association
19 Specifications, A117.1-1961. On information and belief, at the time of the construction and
20 modification of said building, all buildings and facilities covered were required to conform to
21 each of the standards and specifications described in the American Standards Association
22 Specifications and/or those contained in Title 24 of the California Building Standards Code.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    62.    Pizza Stores such as the ROUND TABLE PIZZA are "public accommodations or
2  facilities" within the meaning of Health & Safety Code §19955, *et seq.*

3    63.    As a result of the actions and failure to act of defendants, and as a result of the
4  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
5  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
6  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
7  facilities.

8    64.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
9  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
10 civil rights and enforce provisions of the law protecting access for the persons with physical
11 disabilities and prohibiting discrimination against the persons with physical disabilities, and to
12 take such action both in plaintiff's own interests and in order to enforce an important right
13 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
14 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
15 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
16 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
17 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
18 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

19   65.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
20 them, to make the subject place of public accommodation readily accessible to and usable by
21 persons with disabilities.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

IV. **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)
(Civil Code §51, 51.5)

66. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 65 of this complaint.

67. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6       68.    The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
               discriminate against, boycott or blacklist, refuse to buy from, sell to,
9              or trade with any person in this state because of the race, creed,
               religion, color, national origin, sex, or **disability** of the person or of
10             the person's partners, members, stockholders, directors, officers,
               managers, superintendents, agents, employees, business associates,
11             suppliers, or customers.

12             As used in this section, "person" includes any person, firm
               association, organization, partnership, business trust, corporation,
13             limited liability company, or company.

14             Nothing in this section shall be construed to require any
               construction, alteration, repair, structural or otherwise, or
15             modification of any sort whatsoever, beyond that construction,
               alteration, repair or modification that is otherwise required by other
16             provisions of law, to any new or existing establishment, facility,
               building, improvement, or any other structure . . . nor shall anything
17             in this section be construed to augment, restrict or alter in any way
               the authority of the State Architect to require construction,
18             alteration, repair, or modifications that the State Architect otherwise
               possesses pursuant to other laws.
19

20      69.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §36, *et seq.*, as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        70.    As a further legal result of the actions and failure to act of defendants, and as a
2   legal result of the failure to provide proper handicapped-accessible public facilities as set forth
3   herein, plaintiff was denied his/her civil rights to full and equal access to public facilities. Plaintiff
4   CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
5   disabilities to full and equal access to public facilities, and further suffered bodily injury on or
6   about November 22, 2009, January 7, 2010, January 22, 2010, January 26, 2010, January 29, 2010
7   and February 9, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and
8   attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
9   Specifically, as a legal result of defendants negligence in the design, construction and
10  maintenance of the existing front door entrance, plaintiff suffered continuous, repetitive and
11  cumulative trauma to his right upper extremity while attempting to open the door and enter the
12  pizzeria.

13       71.    Further, plaintiff CRAIG YATES suffered mental distress, mental
14  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
15  disappointment and worry, all of which are expectedly and naturally associated with a denial of
16  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
17  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
18  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
19  unable, because of the architectural barriers created and maintained by the defendants in violation
20  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
21  other persons.

22       72.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
23  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
24  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
25  allowed by statute, according to proof if deemed to be the prevailing party.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**      **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4      **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**

     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT

5      BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)

6      (42 U.S.C. §12101, *et seq.*)

7      1.      For injunctive relief, compelling defendants MONT BLANC PIZZERIAS, INC., a

8 California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE

9 SARNOWSKI, inclusive, to make the ROUND TABLE PIZZA, located at 243 West Portal

10 Avenue, San Francisco, California, readily accessible to and usable by individuals with

11 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

12 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

13 facilities, privileges, advantages and accommodations being offered.

14      2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16      3.      For such other and further relief as the court may deem proper.

17 **II.**      **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

18      **AND 54.3,** *ET SEO.*

     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT

19      BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)

20      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21      1.      For injunctive relief, compelling defendants MONT BLANC PIZZERIAS, INC., a

22 California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE

23 SARNOWSKI, inclusive, to make the ROUND TABLE PIZZA, located at 243 West Portal

24 Avenue, San Francisco, California, readily accessible to and usable by individuals with

25 disabilities, per state law.

26      2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27 each occasion on which plaintiff was deterred from returning to the subject public

28 accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2 if plaintiffs are deemed the prevailing party;

3     4.    Treble damages pursuant to Civil Code §54.3;

4     5.    General damages according to proof;

5     6.    For all costs of suit;

6     7.    Prejudgment interest pursuant to Civil Code §3291; and

7     8.    Such other and further relief as the court may deem just and proper.

8 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9 **§19955, *ET. SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT
10 BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)
11 (Health & Safety code §19955, *et seq.*)

12     1.    For injunctive relief, compelling defendants MONT BLANC PIZZERIAS, INC., a

13 California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE

14 SARNOWSKI, inclusive, to make the ROUND TABLE PIZZA, located at 243 West Portal

15 Avenue, San Francisco, California, readily accessible to and usable by individuals with

16 disabilities, per state law.

17     2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19     3.    For all costs of suit;

20     4.    For prejudgment interest pursuant to Civil Code §3291;

21     5.    Such other and further relief as the court may deem just and proper.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MONT BLANC PIZZERIAS, INC., a California Corporation dba ROUND TABLE PIZZA; GEORGE SALLABERRY; and YVETTE SARNOWSKI, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

2  party;

3    3.    General damages according to proof;

4    4.    Treble damages pursuant to Civil Code §52(a);

5    5.    For all costs of suit;

6    6.    Prejudgment interest pursuant to Civil Code §3291; and

7    7.    Such other and further relief as the court may deem just and proper.

8

9  Dated: _____, 2010    THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*

10

11

12                    By: _____
                            THOMAS E. FRANKOVICH

13                      Attorneys for Plaintiff CRAIG YATES, an individual

14

15                    **DEMAND FOR JURY TRIAL**

16    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

17

18  Dated: _____, 2010    THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

19

20

21                    By: _____
                            THOMAS E. FRANKOVICH

22                      Attorneys for Plaintiff CRAIG YATES, an individual

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


November 30, 2009

Manager
Round Table Pizza
243 West Portal Avenue
San Francisco, CA 94127


Dear Manager of Round Table Pizza:

Recently, I visited Round Table Pizza. As I use a wheelchair, I had problems with trying to get in because there is no space to the side of the door to angle the wheelchair. That is what is called strike side clearance. The solution is to put in a power door with a palm button and a sign to show how to get in.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. I may still come back just to see how it's coming. You know, I'm not the only person in a wheelchair, so this would benefit a lot of people. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably an even better deal for the landlord. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. Remember the old saying, "Access delayed is Access denied." So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 30, 2009

Owner of the Building
Round Table Pizza
243 West Portal Avenue
San Francisco, CA 94127

Dear Owner of Building for Round Table Pizza:

Recently, I visited Round Table Pizza. As I use a wheelchair, I had problems with trying to get in because there is no space to the side of the door to angle the wheelchair. That is what is called strike side clearance. The solution is to put in a power door with a palm button and a sign to show how to get in.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. I may still come back just to see how it's coming. You know, I'm not the only person in a wheelchair, so this would benefit a lot of people. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably an even better deal for the landlord. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. Remember the old saying, "Access delayed is Access denied." So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates